M. B. SCOTT v. THE STATE.

No. 3439.     Decided February 21, 1906.

</div>

1.—Murder in Second Degree—Charge of Court—Manslaughter—Adequate Cause.

Upon a trial for murder where there was evidence that deceased struck appellant with a pistol a hard blow on the back of the head, inflicting a serious hurt, etc., the court should have instructed the jury that if said blow caused pain or

bloodshed, and the mind of defendant became enraged beyond cool reflection, and that if before reason had asserted its sway, and while still laboring under the engendered passion he killed deceased, he would be guilty of no higher offense than manslaughter. See charge of court held error upon this phase of the case.

**2.—Same—Arrest—Force to be Used by Officer to Detain Prisoner.**

An officer may legally arrest and use proper and necessary means to detain his prisoner after such arrest without using more force than is necessary; and where there was testimony that the defendant simply caught the officer around the body or arms and was separated from him by bystanders, and the officer then struck him with a pistol a hard blow on the back of the head, this would constitute adequate cause; and if passion was engendered thereby such as rendered his mind incapable of cool reflection and defendant killed the officer while his mind was in this condition, he would be guilty of no higher offense than manslaughter; and this whether the arrest was legal or not.

**3.—Same—Where Defendant Was Not Aware of Fact That Deceased Was an Officer.**

Where upon trial for murder the defendant's evidence showed that he was unaware of the fact that deceased was an officer, the court should have instructed the jury, that under such circumstances, if the blow was struck by deceased upon defendant causing pain or bloodshed, and that thereby passion was engendered rendering his mind incapable of cool reflection, he would be entitled to an acquittal of murder and his punishment could only be for manslaughter; as defendant had a right to resist illegal arrest, and a blow inflicting pain or bloodshed is made adequate cause by the statute.

**4.—Same—Res Gestae.**

Upon a trial for murder, it was error to reject testimony offered by the defense, to the effect that five or ten minutes prior to the homicide, defendant, while being held by two of deceased's relatives or friends, was struck by deceased in the back of the head with a pistol, which knocked him to his knees, inflicting pain; and that immediately thereafter, defendant requested persons near by, not to let deceased kill him; and that just before calling out in this manner, the deceased had again raised his pistol as if to strike defendant another blow.

**5.—Impeachment of Witness—Opinion of Witness.**

Upon trial for murder, it was error to permit the State to impeach a witness for the defense as to his opinion in regard to the question as to whether the offense was a cold-blooded murder; as such opinion of the witness would have been inadmissible as original testimony, and could not form a basis for impeachment.

**6.—Self-Defense—Refused Charge.**

Where upon trial for murder, the evidence showed that defendant after receiving the blow at the hands of the deceased, he intended to kill him; that he armed himself for that purpose; that he hunted up deceased and executed such purpose; that his mind was very much inflamed, etc.; there was no error in the court's refusal to charge on self-defense; and this although deceased saw defendant approaching and prepared himself for the encounter, etc.

Appeal from the District Court of Kaufman. Tried below before Hon. J. E. Dillard.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Gosset, Terry & Brown* and *Lee R. Stroud,* for appellant.—On question of arrest and force to be used by officer: Skidmore v. State, 43 Texas, 93; 2 Texas Crim. App., 20. On question of manslaughter: Henry v. State, 54 S. W. Rep., 594. On question of adequate cause, and assault causing pain and bloodshed: Hatshell v. State, 84 S. W.

Rep., 234; Bishop v. State, 35 id., 170; Sanders v. State, 83 id., 712; Connell v. State, 75 id., 520. On question of impeaching witness: Drake v. State, 15 S. W. Rep., 725; Jenkins v. State, 75 id., 312; Connell v. State, id., 518.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of twenty years. Some trouble arose in a Frosty Joint, and deceased (constable of another precinct in the county) became engaged in it to the extent of arresting appellant. After the arrest, deceased started to the municipal court with appellant. En route an altercation arose between appellant and deceased in regard to his detention. There is testimony to the effect that deceased put his hand on the nose or mouth of appellant or caught him by the nose. There was an issue on this phase of the case: there being testimony also that this did not occur. At the time deceased should have placed his hand on the nose of appellant, he caught deceased around the body and was holding him. There seems to have been a scuffle between them when some friends or relatives of deceased came up and separated the parties: two of whom were holding appellant. While appellant was in this position deceased drew his pistol and struck appellant a hard blow on the back of the head, inflicting a serious hurt. Deceased then took appellant to the municipal court, where he refused to make the complaint against him, and appellant was discharged. Appellant immediately left the court room, went across the street, secured a pistol, hunted up and shot deceased to death. Appellant's testimony was to the effect that he did not know deceased was an officer.

The court charged the jury that appellant was an officer and had the right to arrest appellant, and if they should find deceased, while acting as constable, had appellant under legal arrest, and while en route to the corporation court, when defendant was not doing anything to free himself from such arrest, or to hurt deceased, and while appellant was being held by others, deceased struck him with a pistol, causing pain, and appellant for this reason killed deceased, he would be guilty of manslaughter. He also instructed them, under the same circumstances that if deceased, as constable, a short time prior to the killing, had legally arrested appellant for using abusive and profane language towards another person in his presence, and that after such arrest defendant assaulted the officer, by catching him in his arms, for the purpose of freeing himself from arrest, and while defendant was making efforts to free himself, the officer struck him on the back of the head with a pistol inflicting pain, and thereby engendering in defendant's mind sudden passion, etc., and that such officer provoked defendant to assault him by placing his hand on defendant's mouth, or if they should find the officer used more force than was necessary to compel

defendant to appear before the court, and they should find deceased struck appellant with a pistol, and before he had sufficient cooling time while his mind was still enraged beyond cool reflection; or if they should have a doubt on such facts, they should find him guilty of manslaughter; or if they should find that while deceased had appellant under arrest, and without any cause of provocation, appellant assaulted deceased, and was holding him in his arms, and by striking at him with his hands for the purpose of freeing himself from such arrest, and deceased then struck defendant on the head with a pistol, and the force was reasonable and necessary under the circumstances to defend himself and compel defendant to appear before the proper court, then such conduct would not afford adequate cause for the sudden passion, and his offense would not be reduced below the grade of murder in the second degree. And if the jury should further believe from the evidence that the blow on defendant's head caused him to suffer pain and engendered in his mind anger, rage, etc., rendering his mind incapable of cool reflection; and should further find from the evidence that deceased struck defendant with a pistol, and before defendant had sufficient cooling time, and while his mind was still enraged beyond cool reflection, and while in this condition of mind, he shot deceased, he would be guilty of murder in the second degree. Exception was reserved to these charges.

Under the facts stated, if deceased struck appellant with a pistol, causing pain or bloodshed, and the mind of appellant became enraged beyond cool reflection, and before reason had asserted its sway, and whilst still laboring under the engendered passion he killed deceased, he would be guilty of no higher offense under the law than manslaughter. An officer may legally arrest and use proper and necessary means to detain his prisoner after such arrest, without using more force than is necessary. If appellant, as stated by the witnesses, simply caught the officer around the body or arms, and was separated from deceased by the bystanders, and deceased then struck appellant such blow as is described by the witnesses, this would constitute adequate cause, and if passion was engendered thereby, such as rendered his mind so incapable of cool reflection, and he killed while his mind was in this condition, it would be no higher offense than manslaughter, and the jury should have been so instructed. It would make no difference whether the arrest was legal or not.

Appellant's evidence shows that he was unaware of the fact that deceased was an officer. He asked an instruction presenting this phase of the law to the jury, which was refused. If appellant was not aware as a fact that deceased was an officer, he had a right to resist the illegal arrest, or what appeared to him to be an illegal arrest; and the court should have given the requested instruction to the effect that under such circumstances the blow being struck, passion being engendered, he would be entitled to an acquittal of murder, and his punishment would be no higher than for manslaughter. Charges given

were not correct under the facts of this case, and there was error in refusing special charges.

The charge is also criticised because it left the question to be determined by the jury, whether or not the blow with the pistol was adequate cause. A blow inflicting pain or bloodshed is made by the statute adequate cause, and the court should have so charged.

Appellant introduced some witnesses to show that from five to ten minutes prior to the fatal difficulty, defendant, while being held by two of deceased's relatives or friends, was struck by deceased in the back of the head with a pistol, which knocked him to his knees, which blow inflicted pain; and that immediately after deceased had knocked him down, defendant had made this request to persons nearby, "Don't let him kill me." In this connection, he proposed further to prove by the witness Nash, that after defendant had been knocked to his knees, and just before calling out, not to let Burke kill him, that said Burke had again raised his pistol as if to strike defendant another blow on the head. This testimony with reference to raising the pistol, as if to strike the second blow was rejected, because it could only be the opinion of the witness. The testimony should have gone before the jury. It was clearly admissible as a part of the res gestæ of this difficulty.

Appellant placed Buchanan on the stand, who testified to matters favorable to appellant. The State laid a predicate to impeach him by Carter and Brawley. Among other things this witness was asked, if he did not state to Carter and Brawley in regard to this homicide, that "it was a cold-blooded murder," which he denied under oath. The State then introduced Carter and Brawley who testified that Buchanan did make such statement to them. Objection was urged to this manner of impeaching the witness, and the reproduction of this statement before the jury, because it was a matter of opinion, and could not form the basis of impeachment. This objection is well taken. Buchanan would not have been permitted to testify as to his opinion in regard to whether this offense was cold-blooded or not, much less could the State get this character of opinion or statement before the jury as a matter of impeachment.

The court was requested to charge on self-defense, which was refused. We are of opinion that the court was correct in this ruling. Under appellant's testimony, while on the stand, as well as from all the testimony as we understand this record, the issue of self-defense is not suggested. Appellant testified that after receiving the blow at the hands of deceased he intended to kill him, and that he armed himself for the purpose of killing him; that he hunted him to and did execute that purpose; that his mind was very much inflamed, and he was in his own judgment, hardly responsible for what he did; and that he had no idea of injuring or hurting deceased in any manner until after the blow was inflicted; that having then formed the intent to kill, he armed himself and proceeded to execute that purpose. We

do not believe that self-defense was in the case, although there was some testimony tending to show that deceased saw appellant approaching and prepared himself for the encounter, and perhaps made a demonstration as if to draw a pistol.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*